UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KARAMJIT S.,[1]

         Petitioner,

    v.

WARDEN, *et al.*,

         Respondents.

Case No.  1:26-cv-2050-TLN-JDP

A # 241-077-094

**ORDER**

Petitioner, an immigration detainee, filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 23, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 10.)  Neither party filed objections to the findings and recommendations, and the time to do so has elapsed.

The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

---

[1]  The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations filed April 23, 2026 (ECF No. 10) are ADOPTED IN FULL.

2.      The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3.      Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner (A # 241-077-094) for more than **seven (7) days** from the date of this Order without a bond hearing before a neutral factfinder at which the Government bears the burden to justify Petitioner's detention through a showing that Petitioner poses a danger to the community or a flight risk by clear and convincing evidence.  The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release.  At any such hearing, Petitioner shall be allowed to have counsel present.  If Petitioner is not found to be a danger to society or a flight risk, Respondents must immediately release Petitioner.  Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

4.      Within **five (5) days** from the date of the bond hearing, Respondents are ORDERED to file a status report confirming that the hearing occurred, the date of the hearing, and the outcome of the hearing.

5.      If Petitioner is released, Respondents are further ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the Government bears the burden to show by clear and convincing evidence that material changed circumstances demonstrate: (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  At any such hearing, Petitioner shall be allowed to have counsel present.

5.      The Clerk of Court is ordered to enter judgment for Petitioner and close this case.

///

///

2

IT IS SO ORDERED.

Date: May 6, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE